IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEROY BYRD, ANDRE STEVENSON, AND TYREESHA ABDUSSABUR**<br><br>*Plaintiffs*,<br><br>v.<br><br>**ELWYN, AND ELWYN, INC.,**<br><br>*Defendants*. | **CIVIL ACTION<br>NO. 16–02275** |

### ORDER

**AND NOW**, this 30th day of September, 2016, upon consideration of Defendants' Motion to Dismiss and Motion to Strike (ECF No. 15), Plaintiffs' Response (ECF No. 17), and Plaintiffs' Praecipe to Substitute (ECF No. 18), it is **ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part.

1. Count III is **DISMISSED** with prejudice.

2. Count IV is **DISMISSED** without prejudice as to Plaintiff Abdussabur and **DISMISSED** with prejudice as to Plaintiff Stevenson.

3. Count V is **DISMISSED** without prejudice as to Plaintiff Byrd and **DISMISSED** with prejudice as to Plaintiff Stevenson.

4. Count VIII is **DISMISSED** without prejudice.

5. Count X is **DISMISSED** without prejudice.

6. Count XII is **DISMISSED** without prejudice.

7. Counts VI, VII, and XI are **DISMISSED** as Plaintiffs' counsel withdrew them at oral argument.

1

8. Defendants' Motion to Dismiss Counts I, II, and Count IV—insofar as Count IV relates to Plaintiff Byrd—is **DENIED**.

9. Defendants' Motion to Strike is **DENIED.**

10. Plaintiff Abdussabur is given leave to amend her hostile work environment claim alleged in Count IV; Plaintiff Byrd is given leave to amend his quid pro quo claim alleged in Count V, his discriminatory discharge claim alleged in Count VIII, and his Family and Medical Leave Act ("FMLA") retaliation claim alleged in Count XII; Plaintiff Stevenson is given leave to amend his FMLA interference claim alleged in Count X.  If the Plaintiffs choose to amend the complaint, they must do so on or before **October 14, 2016** or the claims will be dismissed with prejudice.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.